UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| MICHEAL MELKA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 6:25-cv-02298-RBD-NWH |
| PARCELSHIELD HOLDINGS LLC | ) |
| | ) COMPLAINT |
| Serve: | ) |
| Corporation Service Company | ) JURY TRIAL DEMAND |
| 1201 Hays Street | ) |
| Tallahassee, Florida 32301 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED COMPLAINT

Plaintiff Michael Melka ("Plaintiff" or "Mr. Melka"), by counsel, and for his Amended Complaint against ParcelShield Holdings LLC ("Defendant" or "PSH"), states as follows:

1. This is an action for damages arising from PSH's breach of its employment agreement with Mr. Melka in violation of Virginia law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Michael Melka is an adult resident of Virginia. Mr. Melka is domiciled in Virginia at present and at all times relevant to this Complaint.

3. Mr. Melka owns a home in the Commonwealth of Virginia, where he is also registered to vote.

4. PSH is a foreign limited liability company incorporated in Delaware and registered to conduct business in the State of Florida. *See* Exhibits A and B to Amended Complaint.

5. PSH has a principal place of business in Danville, Illinois. *See* Exhibit A to Amended Complaint, page 3, section 5.

6. The sole member and/or manager of PSH is PSH Intermediate Inc., a company located in Danville, Illinois. *See* Ex. A page 4, section 8; Ex. B.

7. Per the Annual Report filed by PSH in January 2025, the person authorized to act on behalf of PSH Intermediate Inc. is Brooks Bennett-Miller, a citizen of Illinois. Ex. B.

8. Brooks Bennett-Miller is a citizen of the State of Illinois.

9. Mr. Melka served as the Chief Financial Officer for PSH and performed his duties remotely from Virginia.

10. This Court has jurisdiction over PSH based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The parties are citizens of different States and the amount in controversy exceeds $75,000.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant operates in this district and the parties entered into a contract with a

venue selection clause requiring such disputes be filed "only in the state or federal courts situated in Orlando, Florida." *See* Exhibit C to Amended Complaint.

## FACTS

***Employment Agreement Between Mr. Melka and PSH***

12. Mr. Melka became employed as Chief Financial Officer of PSH in or around April 2023.

13. Mr. Melka entered into an employment agreement with PSH in April 2023. *See* Agreement, attached hereto as Exhibit C.

14. The term of the Agreement continued until terminated by either party, or both parties by mutual agreement. Ex. C at ¶ 7.

15. The Agreement provides for severance compensation to Mr. Melka equal to his Annual Base Salary for a period of twelve (12) months if terminated by PSH without Cause. Specifically:

> If (i) the Company terminates [Mr. Melka's] employment during the Term without Cause, (ii) [Mr. Melka] executes a general release . . . within forty-five (45) days after [his] last day of employment (and . . . does not subsequently revoke such release) and (iii) [Mr. Melka] continues to comply with his obligations under Section 8 of this Agreement, the Company shall (conditioned upon timely execution, deliver, and non-revocation of the foregoing release) pay [Mr. Melka] severance compensation . . . equal to the Annual Base Salary otherwise due to [him] for a period of twelve (12) months . . .

Ex. C at ¶ 7(d).

16.     Pursuant to the terms of the Agreement, PSH is to pay severance compensation to Mr. Melka equal to his Annual Base Salary for a period of twelve (12) months if terminated by PSH "for good reason," as defined in the Agreement. Ex. C, ¶ 7(f).

17.     The Agreement provides that Mr. Melka is not entitled to severance compensation in the event he is terminated by PSH "for cause," as specifically defined in the Agreement. Ex. C, ¶ 7(e).

***Termination of Mr. Melka's Employment by PSH***

18.     PSH terminated Mr. Melka's employment on or about September 27, 2024.

19.     At the time of his termination, Mr. Melka made an Annual Base Salary of $300,000.00 in his role as Chief Financial Officer of PSH.

20.     PSH told Mr. Melka he had been terminated "for cause," and that the reasons for his termination would be provided in a forthcoming termination letter.

21.     As of the date of this Complaint, Mr. Melka has not received any termination letter from PSH.

22.     PSH did not pay Mr. Melka the severance compensation provided in Paragraph 7(d) of the Agreement, *supra*.

23. At the time of his termination, PSH did not provide a reason for Mr. Melka's termination—and further did not provide whether PSH terminated Mr. Melka for or without cause.

24. PSH later provided that Mr. Melka's termination arose "for cause" pursuant to Paragraph 7, subsections 7(e)(v), 7(e)(vi)(E); and 7(e)(vi)(G) of the Agreement.

25. Paragraph 7, subsection (e)(v) defines "for cause" to include instances where an employee "refuses or fails to follow (other than for reason of disability) any lawful direction of the Board, **provided**, **however**, that in the event the Executive uses his best efforts to follow such lawful direction of the Board, but is unsuccessful, such occurrence shall not constitute Cause hereunder." Ex. C, ¶ 7(e)(v) (emphasis in original).

26. At all times prior to his termination, Mr. Melka used his best efforts to follow all lawful directions he received from the Board.

27. PSH did not have cause to terminate Mr. Melka's employment under Paragraph 7, subsection (e)(v) of the Agreement.

28. Paragraph 7, subsection (e)(vi)(E) defines "for cause" to include instances where an employee's engagement in "discriminatory or harassing behavior or any inappropriate treatment of or relations with any employee, agent or consultant of any member of the Company Group or any other person with whom

any member of the Company Group has a business relationship."[1] Ex. C, ¶ 7 (e)(vi)(E).

29.     Mr. Melka did not engage in discriminatory or harassing behavior, inappropriate treatment of, or relations with any employee, agent or consultant of any member of PSH or any individual with a business relationship to any member of PSH.

30.     PSH did not have cause to terminate Mr. Melka's employment under Paragraph 7, subsection (e)(vi)(E) of the Agreement.

31.     Paragraph 7, subsection (e)(vi)(G) defines "for cause" to include an employee's engagement in "willful misconduct or gross neglect of the Executive's duties and responsibilities that has the potential to result in any material injury to the economic or ethical welfare or public image of any member of the Company Group. Ex. C at ¶ 7(e)(vi)(G).

32.     Mr. Melka did not engage in willful misconduct or gross neglect of his duties or responsibilities or act in any manner with the potential to result in material injury to the economic or ethical welfare or public image of any member of the Company Group.

---

[1] The Agreement defines both "Company" and "Holdings" as ParcelShield Holdings, LLC. "Company Group" is defined as "Holdings, together with each of its subsidiaries operating in the same or similar business industry, including the Company." *See* Ex. C at 1.

33. PSH did not have cause to terminate Mr. Melka under Paragraph 7, subsection (e)(vi)(G) of the Agreement.

## COUNT I
## Breach of Contract

34. The Agreement governed Mr. Melka's employment with PSH.

35. PSH terminated Mr. Melka "without cause" as defined in Paragraph 7 of the Agreement.

36. PSH bore a contractual obligation under Paragraph 7 of the Agreement to pay Mr. Melka severance compensation in the amount of his Annual Base Salary for a period of twelve (12) months.

37. Mr. Melka made an Annual Base Salary of $300,000.00 at the time PSH terminated his employment.

38. PSH's failure to pay Mr. Melka severance compensation in the amount of $300,000.00 constituted a material breach of the Agreement.

39. Mr. Melka is entitled to damages equal to the amount of severance compensation due to him under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Melka requests this Court enter judgment in his favor and further:

(a) Award Mr. Melka damages in an amount of $300,000.00;

(b) Award Mr. Melka pre- and post-judgment interest and costs of this action as may be permitted by law; and in addition;

(c) Award Mr. Melka any such other and further relief as may be appropriate.

## JURY DEMAND

**PLAINTIFF MICHAEL MELKA DEMANDS A TRIAL BY JURY.**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Michael Melka demands a trial by jury.

Dated:            December 18, 2025         Respectfully,

/s/Adrienne E. Trent
Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (866) 806-3627
attorneytrent@cfl.rr.com

/s/
Joshua Erlich, VA Bar No. 81298
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Tel:   (703) 791-9087
Fax:   (703) 722-8114
Email: jerlich@erlichlawoffice.com

*Pro Hac Vice Forthcoming*